UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Mark A. Hansen

   v.                                      Civil No. 12-cv-466-JD
                                           Opinion No. 2013 DNH 017

Sentry Insurance Company


O R D E R

Mark A. Hansen brought suit against his liability insurer, Sentry Insurance Company, seeking coverage for claims brought against Hansen by his former employer. Sentry moves to dismiss Count I of the complaint in which Hansen seeks a declaratory judgment pursuant to RSA 491:22 and 28 U.S.C. § 2201 as to his rights and Sentry's obligations under the insurance policies.[1] Hansen objects to the motion.


Standard of Review

After filing an answer to the complaint, a party may move for judgment on the pleadings.[2] Fed. R. Civ. P. 12(c). The court uses the same standard as is used for a motion to dismiss

---

[1] RSA is used in place of New Hampshire Revised Statutes Annotated.

[2] Although Sentry titles its motion as a motion to dismiss, it had filed its answer before filing the motion.

under Federal Rule of Civil Procedure 12(b)(6). <u>Collins v. Univ. of N.H.</u>, 664 F.3d 8, 13 (1st Cir. 2011). Under the applicable standard, the court takes the well-pled allegations as true, views all of the facts in the light most favorable to the non-moving party, and determines whether the complaint alleges facts to support a claim "that is plausible on its face." <u>Downing v. Glove Direct LLC</u>, 682 F.3d 18, 22 (1st Cir. 2012) (internal quotation marks omitted).

 Hansen filed letters, deposition testimony, and an affidavit in support of his opposition to Sentry's motion. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). To avoid an unnecessary delay in resolving the issue raised by Sentry's motion, the court excludes from consideration the extrinsic matters filed by Hansen.


<u>Discussion</u>

 Sentry moves to dismiss Hansen's claim for a declaratory judgment on the ground that the claim is untimely under RSA 491:22. Hansen objects, arguing that his declaratory judgment claim under § 2201 is unaffected by the time limitation in RSA 491:22 and that the limitation does not apply based on the

tolling provision.  In its reply, Sentry acknowledges that Count I can be maintained under § 2201 but argues that the claim under RSA 491:22 must be dismissed.

    A.   <u>Declaratory Judgment under § 2201</u>

The parties agree that the part of Hansen's declaratory judgment claim in Count I brought under § 2201 is not affected by this motion.

    B.   <u>Declaratory Judgment under RSA 491:22</u>

Under RSA 491:22,I, "[a]ny person claiming a present legal or equitable right or title may maintain a petition against any person claiming adversely to such right or title to determine the question as between the parties, and the court's judgment or decree thereon shall be conclusive."[3]  An action under RSA 491:22,I to determine insurance coverage must be "filed within 6 months after the filing of the writ, complaint, or other pleading initiating the action which gives rise to the question . . . ." RSA 491:22,III.  The time limitation will not apply, however,

---

[3] The statute was amended effective January 1, 2013.  Because this action was filed before the amendment took effect and the parties have not suggested that the amended version of the statute would apply here, the pre-amendment version of RSA 491:22 governs.

"where the facts giving rise to such coverage dispute are not known to, or reasonably discoverable by, the insurer until after expiration of such 6-month period . . . [or] the failure to file such petition was the result of accident, mistake or misfortune and not due to neglect."[4]  Id.  In that event, the declaratory judgment action must be filed "within a reasonable time frame." Binda v. Royal Ins. Co., 144 N.H. 613, 616 (2000).

Wilcox Industries filed suit against Hansen in this court on November 28, 2011.  Wilcox Indus. Corp. v. Hansen, 11-cv-551-PB (Nov. 28, 2011).  On March 5, 2012, Hansen, through counsel, tendered the defense in the Wilcox suit to Sentry.  Sentry issued a denial of coverage letter on March 13, 2012, stating that the claims against Hansen were not covered, in part, because the conduct alleged in the underlying complaint occurred when Hansen was no longer a Wilcox employee.  As a result, Hansen was not an insured under the Sentry policy during the time of the conduct alleged in the underlying action.

Hansen re-tendered the defense to Sentry on August 14, 2012, based on, among other things, rulings in the underlying suit and the June 5, 2012, deposition testimony of Wilcox's CEO, James

---

[4]The New Hampshire Supreme Court has broadened the late discovery exception to include insureds as well as insurers. Mottolo v. U.S. Fidelity & Guar. Co., 127 N.H. 279, 282 (1985).

Teetzel.  Sentry again denied coverage on August 24, 2012. Hansen filed this action on November 30, 2012.

Hansen did not bring suit in this case, which includes a claim under RSA 491:22, within six months after the Wilcox suit was filed against him.  In opposing Sentry's motion to dismiss, Hansen argues that the facts giving rise to the coverage dispute were not known or reasonably discoverable until June 5, 2012, when Teetzel was deposed.  Hansen represents that Teetzel testified in his deposition that Wilcox's claims against Hansen were based, at least in part, on statements he made after Hansen formed his own company but before he was terminated from his position at Wilcox.  Based on that testimony, Hansen argues that the circumstances in this case fit the late discovery exception under RSA 491:22,III, as applied in <u>Binda</u>, 144 N.H. at 618-20, because Teetzel's testimony changed both Hansen's and Sentry's understanding of Wilcox's false statements claim and recharacterized the claim for purposes of the Wilcox suit.

Sentry states that Teetzel's testimony about Hansen's statements was equivocal at best.  Sentry also contends that the late discovery exception does not apply because Hansen should have known, on his own, when he made the statements that are the basis of Wilcox's claims.  Further, Sentry contends that <u>Binda</u> does not apply in these circumstances.

5

In <u>Binda</u>, the insured was sued after he assaulted the town police chief.  144 N.H. at 614.  The writ was returnable in September of 1995.  In March of 1996, the insurer sent the insured a letter, acknowledging receipt of the writ and stating that it would undertake an investigation to determine whether the insured's conduct was intentional, which would not be covered by the policy.  On May 16, 1996, the insurer denied coverage.  <u>Id.</u>

In October of 1996, the plaintiffs in the underlying action moved to amend their writ to add claims of negligence, and the motion was granted on December 16, 1996.  The insured filed a declaratory judgment action on November 15, 1996, seeking coverage for the underlying action.  The insurer moved to dismiss on the ground that the declaratory judgment action was not timely filed.  <u>Id.</u>

Because the insured did not bring the declaratory action within six months of when the writ in the underlying action was filed, the New Hampshire Supreme Court considered whether the late discovery exception applied.  The court held that the insured had notice of the coverage dispute when the insurer sent him the March 1996 letter.  <u>Id.</u> at 617.  The court further held that the petition for a declaratory judgment was not filed within a reasonable time after that notice because more than six months had passed, which "was not reasonable as a matter of law."  <u>Id.</u> at 618.

The court held, however, that the amendment of the underlying writ in December of 1996, which added allegations of negligence, restarted the six-month limitation period under RSA 491:22,III. Id. at 620. The court gave the insured sixty days from the date of the decision to file a declaratory judgment action. Id. at 621.

In this case, Hansen argues that Teetzel's deposition testimony in June of 2012 introduced the possibility of coverage for the first time because Teetzel testified that Hansen's statements were made while he was employed by Wilcox. Wilcox did not amend the complaint in the underlying suit, however. Therefore, Hansen provides no basis to restart the six-month limitation period as occurred in Binda.

Instead, the late discovery exception would apply if Teetzel's deposition testimony meets the standard of "facts giving rise to such coverage dispute [that were] not known to, or reasonably discoverable by [Hansen]." RSA 491:22,III. In that event, the claim under RSA 491:22 would be timely if suit were filed within a reasonable time after June 5, 2012. See Binda, 144 N.H. at 617-18. Hansen did not file suit until November 30, 2012. The delay of almost six months was not reasonable.

Therefore, the claim in Count I for a declaratory judgment under RSA 491:22 is barred by the time limitation.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 11) is granted as to the plaintiff's declaratory judgment claim in Count I under RSA 491:22 and is otherwise denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

February 7, 2013

cc: Michael F. Aylward, Esquire
    Stephen B. Mosier, Esquire
    Clark Proffitt, Esquire
    Todd A. Sullivan, Esquire