UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Mark A. Hansen

    v.                                          Civil No. 12-cv-466-JD
                                                Opinion No. 2013 DNH 047

Sentry Insurance Company


O R D E R

    Mark A. Hansen brought suit against his liability insurer, Sentry Insurance Company, seeking coverage for claims brought against Hansen by his former employer, Wilcox Industries Corporation. Hansen moved for summary judgment, and Sentry objected. Sentry now moves to supplement the record in support of its objection to summary judgment. Hansen objects.


Discussion

    Sentry seeks leave to add the declaration of Wilcox's chief executive officer, James Teetzel, to support Sentry's objection to Hansen's motion for summary judgment. Hansen objects to adding Teetzel's declaration on the grounds that three paragraphs of the declaration do not meet the summary judgment requirement that it provide facts based on the personal knowledge of the declarant. Hansen also argues that the declaration cannot be

used to dispute facts which were previously given by Teetzel in sworn testimony.

A.  Hearsay and Personal Knowledge

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(1)(4).  Hearsay is "a statement made out of court, by a person, which is offered into evidence to prove the truth of the matter asserted."  United States v. Cameron, 699 F.3d 621, 639 n.8 (1st Cir. 2012).  Statements in a declaration based on hearsay and lacking personal knowledge cannot be considered for purposes of summary judgment.  Hannon v. Beard, 645 F.3d 45, 49 (1st Cir. 2011).

Hansen challenges three paragraphs in Teetzel's declaration, numbered 6, 7, and 8, as hearsay and not based on Teetzel's personal knowledge.  Each paragraph is addressed separately.

Paragraph 6 states that "it had come to our attention" that Hansen had made certain remarks about royalties at a trade show in September of 2010.  That statement does not purport to be based on Teetzel's personal knowledge.  To the extent the statement is offered for the truth of what Hansen said about

royalties at the trade show, it is hearsay. Therefore, paragraph 6 cannot be considered in opposition to Hansen's motion for summary judgment.

In paragraph 7, Teetzel states that he had discussions with Tim West and Travis Mitchell and that he learned from them that Hansen had been making false statements about Wilcox and its products to Wilcox customers. He goes on to explain that he lacks any personal knowledge about those statements and that at his deposition he testified only about his general knowledge of the statements. Paragraph 7 cannot be used to show that Hansen made any false statements about Wilcox or its customers. To the extent Sentry intends to use paragraph 7 to contradict Teetzel's deposition testimony, Sentry would have to provide the required explanation. See, e.g., Abreu-Guzman v. Ford, 241 F.3d 69, 74 (1st Cir. 2001).

Teetzel states in paragraph 8 that "I do not have personal knowledge of Hansen's statements." He continues, nevertheless, to say that his "understanding is that we understood that Hansen was making these remarks while acting as a consultant for Wilcox, but not during his time as a Vice President for Wilcox." None of paragraph 8 is based on Teetzel's personal knowledge and cannot be considered for purposes of summary judgment.

B.  <u>Declaration Contradicts Prior Sworn Testimony</u>

"When an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed."  <u>Colantuoni v. Alfred Calcagni & Sons, Inc.</u>, 44 F.3d 1, 4-5 (1st Cir. 1994).  Although Hansen accuses Sentry of manufacturing a factual dispute with Teetzel's declaration, Hansen has not provided particular parts of Teetzel's deposition that he contends are contradicted by particular parts of the declaration.  Therefore, Hansen has not shown that the sham affidavit rule would apply here.

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion to supplement the record (document no. 27) to allow the declaration of James Teetzel is granted except that paragraphs 6, 7, and 8 will not be considered.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 28, 2013

cc:  Michael F. Aylward, Esquire
     Stephen B. Mosier, Esquire
     Clark Proffitt, Esquire
     Todd A. Sullivan, Esquire