UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Mark A. Hansen</u>

    v.                        Civil No. 12-cv-466-JD

<u>Sentry Insurance Company</u>

<u>O R D E R</u>

Mark A. Hansen moves for reconsideration of the court's order issued on February 7, 2013, in which that part of Hansen's declaratory judgment claim based on state law, RSA 491:22, was dismissed. In support of his motion, Hansen argues that the court misapplied RSA 491:22,III to the circumstances of his claim. Sentry Insurance Company objects to reconsideration.

<u>Standard of Review</u>

Reconsideration of a prior order is "an extraordinary remedy which should be used sparingly." <u>Fabrica de Muebles J.J. Alvarez, Inc. v. Inversiones Mendoza, Inc.</u>, 682 F.3d 6, 31 (1st Cir. 2012) (internal quotation marks omitted). In the context of an interlocutory order, a party seeking reconsideration must "demonstrate that the order was based on a manifest error of fact or law . . . ." LR 7.2(e).

Discussion

In granting Sentry's motion to dismiss Hansen's declaratory judgment claim under RSA 491:22, the court concluded that the claim was untimely and did not fall within the late discovery exception provided in RSA 491:22,III.  Hansen contends that the decision was based on a manifest error of law in interpreting RSA 491:22,III.  Specifically, Hansen argues that under RSA 491:22,III he had six months to file his declaratory action from June 5, 2012, when James Teetzel was deposed in the underlying suit, or from August 24, 2012, when Sentry denied coverage based on Hansen's theory that James Teetzel's testimony changed the nature of the underlying claim against him.  Sentry objects to reconsideration and contends that the court properly applied RSA 491:22,III and that in any case Teetzel's deposition testimony did not provide newly discovered facts within the meaning of RSA 491:22,III.

In the prior order, the court considered Hansen's arguments that Teetzel's testimony provided newly discovered facts under RSA 491:22,III which restarted the six-month limitation period and, alternatively, that Hansen's delay in filing the declaratory judgment action was reasonable.  Without deciding whether Teetzel's testimony satisfied the requirement of new facts under RSA 491:22,III, the court concluded that the filing was not

timely.  Hansen's argument that the court cannot find that a delay of less than six months was unreasonable is contrary to the reasoning and holding in Binda v. Royal Ins. Co., 144 N.H. 613, 618 (2000).

Hansen also argues in support of reconsideration that the court failed to consider his argument that he did not have notice of the coverage dispute until Sentry rejected his second tender on August 24, 2012, and that he was entitled to six months after that date to file his declaratory judgment action.  As in the context of Teetzel's deposition, the six-month time period did not restart because the complaint in the underlying case was not amended.  See Binda, 144 N.H. at 618-21.

To the extent Hansen argues that he was entitled to a reasonable time to file after first learning of facts leading to a coverage dispute when Sentry rejected his second tender, the facts do not support that theory.  Hansen argued in objecting to Sentry's motion to dismiss that Teetzel's deposition provided new information "that contradicted Sentry Insurance's assumptions and factual predicate for its March 13, 2012 denial letter."  Obj. at 6.  Hansen also stated that Teetzel's deposition testimony provided "key predicate facts . . . giving rise to this coverage dispute."  Further, Hansen stated that "[t]he re-tender of defense (and the facts predicated thereon), form a distinct and

independent basis for Hansen's request for declaratory relief . . . ."  Obj. at 7.

If Teetzel's June 5, 2012, deposition testimony provided new facts, Hansen knew of those facts and their import at the time of the deposition.  "An insurer's denial of coverage is not necessary to render declaratory relief justiciable."  Kierstead v. State Farm Fire & Cas. Co., 160 N.H. 681, 687 (2010).  Instead, the time for filing a declaratory judgment action begins when the insured "know[s] or [is] able to reasonably discover facts which form the basis of a coverage dispute."  Binda, 144 N.H. at 616.  Hansen lacks a factual basis to argue that he first had notice of new facts giving rise to a coverage dispute when Sentry rejected his second tender of the defense.

Because Hansen then waited until November 30, 2012, to file his declaratory judgment claim under RSA 491:22, the claim was untimely filed.  Hansen has not shown a manifest legal error in the order granting Sentry's motion to dismiss Hansen's claim under RSA 491:22.

.
.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion for reconsideration (document no. 23) is denied.

SO ORDERED.

                                           /s/ Joseph A. DiClerico, Jr.
                                           Joseph A. DiClerico, Jr.
                                           United States District Judge

April 17, 2013

cc:   Michael F. Aylward, Esquire
      Stephen B. Mosier, Esquire
      Clark Proffitt, Esquire
      Todd A. Sullivan, Esquire