**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**


<u>Mark A. Hansen</u>

    v.                                    Civil No. 12-cv-466-JD

<u>Sentry Insurance Company</u>


**<u>NOTICE OF RULING</u>**

    Re:  Document No. 39, Proposed Discovery Plan

The parties' proposed discovery plan (doc. no. 39) is approved.
However, the court orders the parties to file a supplement to
the plan for the reasons explained below.

The parties' statement regarding electronic discovery is
inadequate.  Rule 26(f)(3)(C) requires that a plan "must"
include the parties' views on electronic discovery "including
the form or forms in which it should be produced . . . ."  The
parties' proposed discovery plan is generic and does not address
the parties' agreements with respect to such basic matters as
forms of production or preservation of digital files.

Accordingly, the parties are ordered to meet and confer and
file, on or June 7, 2013, a joint motion to supplement the
discovery plan that outlines more specifically their
plans/agreements with respect to electronic discovery.  The
court refers the parties to the following outline of potential
issues to discuss:

    1. Preservation. Counsel should attempt to agree on steps
       the parties will take to segregate and preserve ESI in
       order to avoid accusations of spoliation.

    2. E-mail Information. Counsel should attempt to agree on
       the scope of e-mail discovery and e-mail search
       protocol.

    3. Back-up and Archival Data. Counsel should attempt to

agree on whether responsive back-up and archival data
exists, the extent to which back-up and archival data is
reasonably accessible, and who will bear the cost of
obtaining such data.

4. Format and Media. Counsel should attempt to agree on the
format and media to be used in the production of ESI,
and whether production of some or all ESI in paper form
is agreeable in lieu of production in electronic format.

5. Reasonably Accessible Information and Costs. Counsel
should attempt to determine if any responsive ESI is not
reasonably accessible, i.e., is accessible only by
incurring undue burdens or costs.

6. Privileged or Trial Preparation Materials. Counsel also
should attempt to reach agreement regarding what will
happen in the event privileged or trial preparation
materials are inadvertently disclosed.  See Fed. R.
Evid. 502.

In light of the court's approval of the parties' proposed
discovery plan subject to the aforementioned modification, the
pretrial conference currently scheduled to occur on May 29,
2013, is cancelled.

Trial in this case is scheduled for the two-week trial period
beginning May 20, 2014.

_____
Landya McCafferty
United States Magistrate Judge

May 17, 2013

cc: Michael F. Aylward, Esq.
    Stephen B. Mosier, Esq.
    Clark Proffitt, Esq.
    Todd A. Sullivan, Esq.

2