```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Mark Hansen

    v.                                Civil No. 12-cv-466-JD

Sentry Insurance Co.


O R D E R

Mark A. Hansen brought suit against his liability insurer, Sentry Insurance Company, seeking coverage for claims brought against Hansen by his former employer, Wilcox Industries Corp., in Wilcox Industries Corp. v. Hansen, Civil No. 11-cv-551-PB (D.N.H. Nov. 28, 2011) ("underlying action").  Sentry moves for summary judgment.  Hansen objects.


Standard of Review

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A genuine issue is one that can be resolved in favor of either party and a material fact is one which has the potential of affecting the outcome of the case."  Gerald v. Univ. of P.R., 707 F.3d 7, 16 (1st Cir. 2013).  In deciding a motion for summary judgment, the court draws all reasonable factual

inferences in favor of the nonmovant.  Kenney v. Floyd, 700 F.3d 604, 608 (1st Cir. 2012).

"After the moving party has presented evidence in support of its motion for summary judgment, the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor."  Woodward v. Emulex Corp., --- F.3d ---, 2013 WL 1668221, at *4 (1st Cir. Apr. 18, 2013).  "On issues where the movant does not have the burden of proof at trial, the movant can succeed on summary judgment by showing 'that there is an absence of evidence to support the nonmoving party's case.'"  OneBeacon Am. Inc. Co. v. Commercial Union Assur. Co. of Can., 684 F.3d 237, 241 (1st Cir. 2012) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).


## Background

Wilcox hired Hansen in April of 2005, and Hansen worked as vice president of the company until June or July of 2007.  In June of 2006, while still working for Wilcox and with the knowledge and consent of Wilcox, Hansen founded a company called Advance Life Support Technologies, Inc. ("ALST").  Even after terminating Hansen's employment, Wilcox retained Hansen through ALST to service its products and to train Wilcox's customers in

using the products.  Wilcox ended its business relationship with Hansen and ALST in February of 2009.

On November 28, 2011, Wilcox filed the underlying action against Hansen and ALST, alleging claims against Hansen for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duties, and unjust enrichment, and claims against both Hansen and ALST for unfair competition, violation of RSA 358-A, misappropriation of trade secrets under RSA 350-B, and intentional interference with contractual relations.  The parties entered a stipulation of dismissal in the underlying case on November 7, 2012.

Sentry provided commercial general liability and commercial umbrella insurance coverage to Wilcox under a series of policies.  The policies cover, among other things, "those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury liability,'" which includes "[o]ral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services."  An "insured", under the policies, is Wilcox and also includes Wilcox's "executive officers" and directors "but only with respect to their duties as your officers or directors."  "'Executive officer' means a person holding any of the officer positions created by [Wilcox's]

charter, constitution, by-laws or any other similar governing instrument."  Complaint, Dkt. No. 1, Exhibit 3 (CGL policies).

Hansen filed this action seeking a declaratory judgment of coverage from Sentry for the costs of his defense in the underlying action and his liability to Wilcox and alleging a breach of contract.  He moved for partial summary judgment as to Sentry's liability but not as to the amount of damages.  In support, Hansen argued that as an executive officer at Wilcox, he was an insured under Sentry's policies, that Wilcox's claims were based in part on Hansen's conduct while he was working for Wilcox, and that Wilcox's claims based on Hansen's allegedly harmful false statements triggered coverage under the provision for advertising injury.  The court denied Hansen's motion, concluding that Hansen had not shown that he was acting in the capacity of an insured under Sentry's policies because his alleged conduct violated his fiduciary duties as vice president of Wilcox.

## Discussion

Sentry moves for summary judgment on the ground that Hansen cannot succeed on his claims in light of the court's order denying Hansen's motion for partial summary judgment on the ground that Hansen had not shown he was an insured under the

policies.  Hansen objects to summary judgment "based on the motion papers filed in support of Plaintiff's motion for partial summary judgment" and arguing that the prior order incorrectly determined that he was not acting in the capacity of an insured with respect to the claims in the underlying action.[1]

In essence, Hansen seeks reconsideration of the order denying his motion for partial summary judgment.  Procedurally, the relief he seeks is barred because he cannot combine a request for affirmative relief with an objection to a pending motion.  LR 7.1(a)(1).  Also, the time has passed for filing a motion for reconsideration.  LR 7.2(e).

Further, the grounds Hansen raises in his objection are not persuasive.  Hansen states without citation to any supporting authority:

> As an initial matter, an insured such as Hansen is owed a defense where allegations otherwise within the insuring agreement are 'false or fraudulent' as to the insured.  This Court's prior order overlooks that legal principal entirely.

Even if an attack on the prior order were an appropriate basis for Hansen's objection, he does not develop his theory enough to

---

[1] Hansen's attempt to incorporate previously filed papers into his objection to Sentry's motion for summary judgment does not comply with the local rules.  See LR 7.1(a).

permit review.[2]  See Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 260 (1st Cir. 1999); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

Hansen also attempts to distinguish the cases cited in the prior order from his claims here and from the claims in the underlying action.[3]  Hansen appears to argue that he might have caused an advertising injury without violating his fiduciary duties as vice president of Wilcox.  As is discussed in the prior order, however, the allegations against Hansen involved conduct that, if true, would violate his fiduciary duties.  The different analysis in Farr, 61 F.3d at 682, cited by Hansen, is inapposite.

Sentry moved for summary judgment on the ground that Hansen cannot show that he acted in the capacity of an insured under Sentry's policies for purposes of the claims in the underlying action.  To succeed on either his declaratory judgment claim or his breach of contract claim, Hansen must prove that he was an

---

[2]Sentry explains in its reply that Hansen is referring to language in the Sentry policies, not to a "legal principle."

[3]The statement in the prior order that Hansen disputes is: "Courts that have considered coverage of a corporate officer as an insured under an employer's policy have concluded that 'the policies provide no coverage for injuries arising from a corporate officer's breach of a duty owed to the corporation.'" Farr v. Farm Bureau Ins. Co., 61 F.3d 677, 681 (8th Cir. 1995) (citing cases); Haggerty v. Fed. Ins. Co., 32 Fed. Appx. 845, 848-49 (9th Cir. 2002) (citing cases).

6

insured under Sentry's policies.[4]  Hansen has not shown a genuine dispute as to any material fact on that issue.

Therefore, Sentry is entitled to summary judgment.

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 37) is granted.

The clerk of court shall enter judgment in favor of the defendant and close the case.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

June 12, 2013

cc:  Michael F. Aylward, Esquire
     Stephen B. Mosier, Esquire
     Clark Proffitt, Esquire

---

[4] As stated in the order denying Hansen's motion for partial summary judgment:
> Hansen bears the burden of showing that he is an insured under the Sentry policy and that the claims in the underlying action trigger Sentry's duty to defend him.  See EnergyNorth Nat. Gas., Inc. v. Associated Elec. & Gas Servs., Ltd., 21 F. Supp. 2d 89, 91 (D.N.H. 1998); see also Town of Allenstown v. Nat'l Cas. Co., 36 F.3d 229, 233 (1st Cir. 1994).  Hansen also bears the burden to prove his breach of contract claim.  See Wilcox Indus. Corp. v. Hansen, 879 F. Supp. 2d 296, 311 (D.N.H. 2012).

Todd A. Sullivan, Esquire